IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Donald Manning,<br><br>   Petitioner,<br> v.<br><br>Warden of MacDougall Correctional Institution,<br><br>   Respondent. | Case No. 8:22-cv-2662-RMG<br><br><br>**ORDER AND OPINION** |

  This matter is before the Court on the Report and Recommendation ("R & R") (Dkt. No. 22) of the Magistrate Judge, recommending the petition for habeas relief under 28 U.S.C § 2254 be dismissed without prejudice and without requiring Respondent to file a return. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I. Background**

  Christopher Donald Manning ("Petitioner"), proceeding *pro se*, filed this habeas corpus action under 28 U.S.C. § 2254. This case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. The Magistrate Judge issued a R & R recommending that the petition be summarily dismissed without prejudice as untimely under the applicable statute of limitations. Petitioner did not file an objection to the R & R. The matter is now ripe for the Court's review.

**II. Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

1

magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specific proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**III.   Discussion**

The Court must screen habeas petitions to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases. Thus, courts may *sua sponte* consider statute of limitations in habeas actions. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002); *see also Erline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Where there was no direct appeal to the state court of last resort, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Additionally, the one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends with "final resolution through the State's postconviction procedures [which] does not occur in South Carolina until the remitter is filed in the circuit court." *Beatty v. Rawski*, 97 F. Supp. 3d 768, 775 (D.S.C. 2015) (internal quotation marks and citation omitted).

The Magistrate Judge correctly calculated the relevant periods and determined the petition is time-barred. Statute of limitations began to run on the date Petitioner's conviction became final, October 25, 2014. Petitioner filed his PCR application before his conviction became final on August 25, 2014. As a result, 0 days of non-tolled time had lapsed as he filed his PCR application before the statutory time began to run. Thus, Petitioner had 365 days of non-tolled time remaining within which to timely file a federal habeas petition following the conclusion of the state court proceedings on his first PCR. The PCR judgment became final on September 25, 2016, giving Petitioner until September 26, 2017, to file a federal habeas action. Petitioner filed the instate petition on August 9, 2022, more than 4 years after the expiration of the statute of limitations. The petition is therefore barred as untimely. 28 U.S.C. § 2244(d).

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 22) as the Order of the Court and **DISMISES** the petition for habeas relief without prejudice and without requiring the Respondent to file an answer or return.

                                                                    _s/ Richard Mark Gergel_____
                                                                    Richard Mark Gergel
                                                                    United States District Judge

November 22, 2022
Charleston, South Carolina